UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALI AL-SHAIBANI and<br>KEVIN SNEED,<br><br>Defendants. | NO. 25-cr-00198-JHC<br><br>**DISCOVERY PROTECTIVE ORDER** |

This matter, having come before the Court on the parties' Stipulated Motion for Entry of a Discovery Protective Order, Dkt. # 28, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following Discovery Protective Order pursuant to Fed. R. Crim P. 16(d)(1):

1.  **Protected Material**. For purposes of this Discovery Protective Order, "Protected Material" shall include (1) Grand Jury material, including subpoenaed financial records and T-III pleadings and intercepted communications; (2) witness statements; (3) financial information; (4) subscriber information (including phone and utility subscriber information for third parties); (5) any *Giglio* impeachment materials,

Discovery Protective Order - 1
*U.S. v. Ali Al-Shaibani & Kevin Sneed*, CR25-198-JHC

and (6) other personal identifying information ("PII")[1] obtained during the investigation, either via Grand Jury subpoena and/or during the execution of search warrants, including but not limited to personal information about the Defendant and third parties and other sensitive information obtained from the search of social media, cellular telephones, and other digital devices seized during the investigation (collectively, the "Protected Material").

2.   **Designation of Protected Material.** The Protected Material shall be designated by the government, on the material itself, in a placeholder if the electronic file cannot be marked (as is the case with certain native files), or on a physical label affixed to a disk or other media, using the following designation "PROTECTED MATERIAL." The failure to designate any materials as Protected shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order. If material is later found to be covered by this Protective Order, the government will re-produce a properly designated copy of the material.

3.   **Production of Protected Material to the Defense**. The United States will make available copies of the Protected Materials, including those filed under seal directly to defense counsel to comply with the government's discovery obligations, and/or to a Coordinating Discovery Attorney, should one be appointed. Possession of copies of Protected Material is limited to attorneys of record, their office staff, investigators, paralegals, assistants, and law clerks, as well as necessary third-party vendors, consultants, and/or experts (hereinafter collectively referred to as "members of the

---

[1] "PII" includes, but is not necessarily limited to, the information identified in Fed. R. Crim. P. 49.1(a) and includes full names, dates of birth, Social Security numbers (or other identification information), financial account information (including account numbers), tax information, driver's license numbers, addresses, telephone numbers, locations of residences or employment, medical records, school records, juvenile criminal records, and other confidential information. The government has endeavored to redact PII as appropriate, but the parties acknowledge and agree that this will not always be possible, and that in some instances un-redacted PII may be necessary to the defense.

Discovery Protective Order - 2
*U.S. v. Ali Al-Shaibani & Kevin Sneed*, CR25-198-JHC

defense team"). At all times, members of the defense team shall be subject to the terms of this order. Further, the attorneys of record are required to make available, prior to disseminating any copies of the Protected or Sensitive Materials to members of the defense team, a copy of this Protective Order to members of the defense team.

4. **Restrictions on use with Artificial Intelligence Tools.** The Protected Material shall not be loaded into an artificial intelligence (AI) tool or model, generative or not, where rights to the data are retained by any party that has not explicitly agreed to be covered by the protective order.

5. **Review of Protected Material by Defendant**. The attorney(s) of record and members of the defense team may share and review the Protected Material with Defendant. If Defendant is in custody at the Federal Detention Center (FDC), he/she will be permitted to review the Protected Material, consistent with the regulations established by the BOP, with or without counsel, in a controlled environment at the Federal Detention Center (FDC), but will be prohibited from printing out, copying, disseminating, or otherwise retaining the discovery. If Defendant is on pretrial release, he/she will be permitted to review the Protected Material at the offices of his/her counsel, or with the defense team via videoconference using the "screen share" function, but will be prohibited from screenshotting, photographing, or capturing the Protected Material in any manner, and will be prohibited from printing out, copying, or disseminating the discovery.

6. **Limits on Dissemination of Protected Materials**. The attorney(s) of record and members of the defense team acknowledge that providing copies of the Protected Material to Defendant and other persons is prohibited and agree not to duplicate or provide copies of the Protected Material to Defendant and other persons. Members of the defense team, defendants, and any others to whom disclosure of the content of Protected Material may be necessary to assist with the preparation of the defense, shall not disclose the

Discovery Protective Order - 3
*U.S. v. Ali Al-Shaibani & Kevin Sneed*, CR25-198-JHC

Protected Material or its contents, other than as necessary for the preparation of defenses at trial and in subsequent legal proceedings, if necessary. This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, law enforcement agencies, witnesses, and the Court and defense as necessary to comply with the government's discovery obligations.

7. **Future Production of Additional Protected Materials**. Additional types of discovery items may be deemed by the parties to constitute Protected Material upon agreement, or (if no agreement can be reached) by further order of the Court.

8. **No Waiver**. Nothing in this order should be construed as imposing any substantive discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.

9. **Use of Protected Material in Court**. Any Protected or Sensitive Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents. If the Protected Material to be filed with the Court was designated as Protected solely because it contains personal-identifying information, it may be filed publicly, provided it has been redacted in compliance with Federal Rule of Criminal Procedure 49.1 and Local Criminal Rule 49.1.

10. **Non-Termination**. The provisions of this Order shall not terminate at the conclusion of this prosecution. Furthermore, after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, defense counsel shall destroy the Protected Materials. If defense counsel finds that retention of the Protected Materials in their possession is necessary for authorized reasons,

such as professional or ethical obligations, defense counsel shall retain the Protected Materials in their case file subject to the restrictions of this Order.

11. **Violation of Order**. Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

12. **Modification of Order**. Nothing in this Stipulation shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that if compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. If the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

13. **No Ruling on Discoverability or Admissibility**. This Protective Order does not constitute a ruling on the question of whether any specific material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

14. **No Ruling on Timing of Production**. This Protective Order does not require the Government to provide discovery at a time or in a fashion inconsistent with applicable law.

15. **Addition of Defendants after Entry of Order**. This Protective Order will cover additional Defendants in this case so long as they agree to be bound by the terms of this Protective Order and so indicate that consent by the execution of a supplemental stipulation, which shall be filed as an addendum or supplement to this Protective Order.

DATED this 23rd day of October, 2025.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

Discovery Protective Order - 6
*U.S. v. Ali Al-Shaibani & Kevin Sneed*, CR25-198-JHC